UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
BRIAN LEONARD,                                  :
                                                :      CASE NO. 1:11-cv-01233
       Plaintiff,                               :
                                                :
   v.                                           :      OPINION & ORDER
                                                :      [Resolving Doc. No. 8]
CLEVELAND METROPOLITAN                          :
SCHOOL DISTRICT, *et al.*,                      :
                                                :
       Defendants.                              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    The Defendants in this disability discrimination case move the Court to dismiss all claims against them under Federal Rule of Civil Procedure 12(b)(6), saying the complaint fails to state claims upon which relief can be granted. [Doc. 8.] The motion is unopposed. For the following reasons, this Court **GRANTS** the Defendants' motion.

### I. Background

    In this disability discrimination action, Plaintiff Brian Leonard says that the Defendants, the Cleveland Metropolitan School District and individual administrators, officers, and employees, discriminated against his son "because of his mental disability of ADH[D]." [Doc. 1 at 1.] The Plaintiff filed a complaint *pro se* on June 15, 2011, referencing Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.*, but the factual basis for any alleged discrimination is unclear. In rambling narrative form, the complaint recounts episodes from the beleaguered education of the Plaintiff's son

Case No. 1:11-cv-01233
Gwin, J.

("D.L."), who was enrolled at East Tech High School.

As far as the Court can discern, the Plaintiff's chief complaint has to do with expulsion proceedings against D.L. for pulling a fire alarm on May 11, 2011. [Doc. 1 at 2-3.] The complaint outlines a fuller educational history, involving recurring behavioral outbursts and defiant absenteeism, and intimates that these issues are the product of D.L.'s mental disability. *Id*. The Plaintiff appears to have been afforded a hearing with D.L's teachers, the principal, and the superintendent of East Tech High School to establish an educational plan, but the conclusion, if any, of that process is unclear. *Id.* at 2.

It is similarly unclear whether any other formal processes–medical, educational, or disciplinary–have been initiated or concluded, though the Plaintiff references at various points in the complaint an effort to obtain an appointment with a psychiatrist, statements from D.L.'s counselor, various communications with teachers or administrators, and ADHD testing by what appears to be an outside clinic as well as what may be a diagnostic test conducted by two teachers. *Id*. Though the Plaintiff characterizes the teachers and administrators as generally insensitive to his son's special needs, and characterizes D.L's expulsion as the fruit of a conspiracy to discriminate against D.L., *id.* at 3, he does not make any factual allegations that D.L. was subject to discriminatory treatment. Nor does the Plaintiff claim to have experienced any discrimination himself as a result of his association with D.L..

Without reference to any basis in either statutory claim, the Plaintiff seeks an award of $250,000, saying that as a result of the alleged discrimination he has suffered emotional hardship and lost time in seeking employment, and that D.L's ADHD has been exacerbated and his "future education should be paid by partie[]s named." *Id.* at 3.

Case No. 1:11-cv-01233
Gwin, J.

## II. Legal Standard

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id*.

## III. Analysis

The Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the Defendants. First, neither the ADA nor the Rehabilition Act can support a claim against the individual defendants. In addition to the School District, the Plaintiff names (1) Denise W. Link, the School District's Board Chair; (2) Robert Cooper, whom the Plaintiff captions the "C.E.O.'s Designee" and appears to have played a role in school disciplinary proceedings; (3) Byron Hopkins, the principal of East Tech High School; and (4) Latonia M. Davis, the assistant principal. However, "there is no individual liability under Title II of the ADA or the Rehabilitation Act." *Sagan v. Sumner County Bd. of Educ.*, 726 F. Supp. 2d 868, 875-76 (M.D. Tenn. 2010) (reviewing Sixth Circuit precedent). Claims against these defendants are therefore **DISMISSED** with prejudice.

Second, the Plaintiff's claims against the School District must also be dismissed because the Plaintiff has not exhausted his administrative remedies. Both statutes referenced in the complaint require exhaustion of the administrative remedies provided by the Individuals with Disabilities Act

Case No. 1:11-cv-01233
Gwin, J.

("IDEA") before a civil claim may be pled. 20 U.S.C. § 1415(l). The IDEA requires exhaustion wherever relief is available under the IDEA itself, and the fact that the Plaintiff seeks money damages does not excuse him from his responsibility to exhaust available administrative remedies. "[M]ost courts have held that a plaintiff seeking money damages is required to exhaust administrative remedies under the IDEA, even if money damages are not available under the IDEA or through the administrative process." S.E. v. Grant County Bd. of Educ., 544 F.3d 633, 642 (6th Cir. 2008) (affirming dismissal without prejudice of Rehabilitation Act claim); *see also* Sagan, 726 F. Supp. 2d at 881 ("We read 'relief available' to mean relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers.") (quoting Charlie F. v. Bd. of Educ., 98 F.3d 989 (7th Cir. 1996).

There is no indication in the complaint that the Plaintiff has exhausted his administrative remedies. Failure to exhaust administrative remedies is properly raised in a motion to dismiss, Doe v. Dublin City Sch. Dist., No. 2:09-cv-738, 2010 WL 1434318, at *4 (S.D. Ohio Apr.8, 2010), and dismissal without prejudice is appropriate where a plaintiff has failed to exhaust administrative remedies. S.E., 544 F.3d at 643. Without any indication that the Plaintiff has exhausted his administrative remedies, and with only conclusory references to discrimination, the complaint is implausible on its face and fails to state a claim upon which relief can be granted under either the ADA or the Rehabilitation Act. Both claims as to the School District are therefore **DISMISSED** without prejudice.

Two final issues warrant comment. Although the Defendants have not moved to dismiss the complaint for lack of subject matter jurisdiction, the Court notes that the Plaintiff may lack standing to bring claims under the ADA and the Rehabilitation Act for any alleged discrimination against his

Case No. 1:11-cv-01233
Gwin, J.

son. The Sixth Circuit has not joined other courts that have extended parents' rights to pursue claims under the ADA and the Rehabilitation Act on behalf their child. *See Hooker v. Dallas Ind. Sch. Dist.*, No. 3:09-CV-0676, 2010 WL 4025776 (N.D. Tex. Sept. 13, 2010) ("Nor do Plaintiffs, proceeding *pro se*, have standing to pursue an ADA or Rehabilitation Act claim on behalf of their disabled child."). Persuasive authority suggests that parents lack standing to prosecute ADA and Rehabilitation claims on behalf of their children. *See D.A. v. Pleasantville Sch. Dist.*, Civ. No. 07-4341, 2009 WL 972605, at *7 (D. N.J. Apr. 6, 2009) (no standing under ADA or Rehabilitation Act for legal guardians who "do not claim that they themselves faced any discrimination."); *M.W. v. Avilla R-XIII Sch. Dist.*, No. 09-05098-CV, 2011 WL 3354933, at *2 (W.D. Mo. Aug. 3, 2011) (IDEA parental standing does not apply to claims brought under the Rehabilitation Act and the ADA).

Separately, Parents' rights to act *pro se* on behalf of their children are not settled even under the IDEA. *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007); *see also Smith v. Indian Hill Exempted Village Sch. Dist.*, No. 1:10-cv-718, 2011 WL 4348101, at *7 (S.D. Ohio May 5, 2011) (parents cannot serve *pro se* as counsel).

The Plaintiff's suggestion that his job search and mental state have been harmed by the alleged discrimination, and his claim for monetary relief, invites more immediate repudiation. Though the Sixth Circuit has recognized associational discrimination claims, any such claim requires a showing that the Plaintiff's entitlement to benefits covered by the ADA or the Rehabilitation Act have been harmed by his association with the disabled person. *Popovich v. Cuyahoga Cnty. Ct. Com. Pl.*, 150 F. App'x 424, 427-28 (6th Cir. 2005). Neither the Plaintiff's employment prospects nor his emotional security are warranted by the statutes at issue here, and he does not claim to have

Case No. 1:11-cv-01233
Gwin, J.

experienced any discrimination as a result of his association with D.R..

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion. The Plaintiff's claims against the Cleveland Metropolitan School District are **DISMISSED** without prejudice, and the Plaintiff's claims against the individual defendants are **DISMISSED** with prejudice.

IT IS SO ORDERED.


Dated: November 16, 2011           *s/      James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE