UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
BRIAN LEONARD, :
: CASE NO. 1:11-cv-01233
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 21]
CLEVELAND METROPOLITAN :
SCHOOL DISTRICT, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Brian Leonard, acting *pro se*, moves the Court to reopen proceedings in his dismissed educational discrimination case. [Doc. 21.] Because the Plaintiff still has not exhausted the required administrative remedies, and provides no basis for relief from the Order dismissing his complaint, the Court **DENIES** the Plaintiff's motion.

**I. Background**

The Plaintiff filed this lawsuit on June 15, 2011 seeking damages for emotional harm, lost time in seeking employment, and future educational expenses as a result of alleged educational discrimination against his son, D.L.[1] The Plaintiff said that the Defendants, the Cleveland Metropolitan School District and individual administrators, officers, and employees, discriminated

---

[1] The Plaintiff requests that the Court refer to his son by his full name. It is both conventional and this Court's common practice to refer to juveniles by initials in written orders.

Case No. 1:11-cv-01233
Gwin, J.

against his son "because of his mental disability of ADH[D]." [Doc. 1 at 1.] Though the complaint mentioned Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.*, the factual basis for any discrimination against D.L. was unclear, and the Plaintiff did not allege that he suffered any discrimination himself. Moreover, the Plaintiff failed to exhaust his administrative remedies, as required by the Individuals with Disabilities Act before a civil claim under those statutes may be pled. 20 U.S.C. § 1415(l). Accordingly, on November 16, 2011, the Court dismissed this lawsuit for failure to state a claim upon which relief can be granted. [Doc. 20.]

On July 10, 2012, the Plaintiff moved to reopen the case, recounting his correspondence to date with school district officials through the disability evaluation process for his son. He says that he has "tri[ed] [his] bes[t] to work this matter out with the school district and they have no true remedie[]s to help [his] son succeed to the best of his ability." [Doc. 21 at 3.]

## II. Discussion

A request to reconsider the dismissal of an action may be construed as a Rule 59(e) Motion to Alter or Amend Judgment. *See Moody v. Pepsi–Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990). But Leonard filed his motion too late for consideration under Rule 59.[2] Accordingly, the Court treats the motion as a Rule 60 plea for relief from judgment. *See In re Saffady*, 524 F.3d 799, 808, n. 2 (6th Cir.2008) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998)).

A Rule 60 motion may only be granted for one of six enumerated reasons. *Id.*; Fed.R.Civ.P. 60(b). Of the six, the only that might plausibly apply are subdivisions (2), newly discovered

---

[2] A Rule 59 motion must be filed within twenty-eight days of the challenged judgment. Fed. R. Civ. P. 59(e), but the Plaintiff's motion was filed over seven months after his claims were dismissed. The Court has no discretion to excuse the untimely filing, Fed. R. Civ. P. 6(b)(2).

-2-

Case No. 1:11-cv-01233
Gwin, J.

evidence, and (6), an equitable catch-all provision. But neither justifies reopening this case. The Plaintiff's narrative of his post-dismissal efforts to exhaust his administrative remedies is not newly discovered evidence under Rule 60 because it was not in existence at the time of dismissal. *See Rivera v. M/T Fosarina*, 840 F.2d 152, 156 (1st Cir. 1988) (evidence "that came into existence after the court's judgment" is "not newly discovered evidence within the meaning of the rules.") And the sixth "catch-all" provision is only properly applied "in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 534 (6th Cir. 2001) (emphasis in original).

This is not one of those extreme circumstances where equity demands relief. The Plaintiff complains of a slow and frustrating administrative process. But however sincerely he believes that he has "tr[ied his] bes[t] to work this matter out with the school district," it is undisputed that he has not completed the Section 504 evaluation process, despite open and ongoing efforts by the District to schedule an evaluation and secure updated documents. Equity, in fact, weighs heavily against the Plaintiff. He refused the District's most recent attempt—by hand-delivered letter—to schedule the evaluation, stating "I am not working with anything with the Cleveland Public Schools anymore. . . . I am just going to deal with the Federal Court." [Chappell Dec. at 4.] He appears to believe that his irritation with certain communication delays and peripheral matters pertaining to D.L.'s enrollment in summer school, and his impatience to receive the disability determination to which he believes his son entitled, permit him to sidestep the administrative processes and seek immediate relief before this Court. As this Court explained in its earlier order, and re-emphasizes here, he may

Case No. 1:11-cv-01233
Gwin, J.

not.  The Plaintiff's Motion is **DENIED**.

    IT IS SO ORDERED.


Dated: August 2, 2012          *s/   James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE